No. 2351

Second Circuit

---

TOWN OF SOUTH HIGHLANDS v. COOK

---

(November 10, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Appeal—Par. 625.**
The finding of a trial court on a question of fact will not be disturbed unless clearly erroneous.
Colt vs. Willhit, 5 La. App. 151.

2. **Louisiana Digest—Automobiles—Par. 4; Master and Servant—Par. 164, 166.**
Where the driver of a motor-driven hearse, in the course of his employment, drives it into a motorcycle standing in open view to him on the left hand side of a public road in the direction that the hearse was moving, his employer will be responsible for the damage done to the motorcycle.

Appeal from the City Court of the City of Shreveport, Louisiana. Hon. David B. Samuel, Judge.

Action by the Town of South Highlands against C. C. Cook.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

B. F. Roberts, of Shreveport, attorney for plaintiff, appellee.

J. D. Snell, of Shreveport, attorney for defendant, appellant.

STATEMENT OF THE CASE

REYNOLDS, J. The Town of South Highlands sued the defendant to recover the sum of $105.65 damages done to a motorcycle belonging to the plaintiff, run into by a motor-driven hearse belonging to defendant by one of his employees in the course of his employment.

The defense was a general denial.

The trial court rendered judgment in favor of the plaintiff for the full amount claimed and defendant appealed.

Pending the appeal, the Town of South Highlands having been absorbed by the City of Shreveport, on motion in this court the latter was substituted as plaintiff, appellee, in place of the former.

The plaintiff, appellee, filed a motion to dismiss the appeal on the ground that no appeal bond had been given.

ON MOTION TO DISMISS APPEAL

We find an appeal bond in the record and hence the motion to dismiss the appeal must be overruled.

ON THE MERITS

Only an issue of fact is involved, namely, was defendant's employee at fault in running his motor-driven hearse into plaintiff's motorcycle?

W. J. Best testified (evidence, page 10):

"Q. You say this boy (referring to the driver of defendant's hearse) was looking back?
"A. Yes, sir; when I looked up he was looking back; had his head stuck out of the car looking back and this boy sitting side of him hollering at him.
"Q. Looking back at the car the preacher was in?

"A. Yes, sir."

Earle Crane testified (evidence, pages 10 and 11):

"Q. I would like for you to describe just what you saw there?

"A. * * * * Mr. Best, when I saw him I saw he was—he had his motorcycle just rolling it out in the middle of the road, and the boys in the hearse were apparently interested in something to the back of the car, apparently saying something to the party in the car, whom I afterwards learned was the preacher, * * * *

"Q. Well, at the point where the collision occurred or where the motorcycle was at the time of the collision, was it to the left of the center of the road, or do you know?

"A. The motorcycle—coming south the motorcycle was to the left of the center. I imagine when the collision occurred the front end of the motorcycle was just about the center of the road.

"Q. Was there room for the hearse to have passed to the west of the motorcycle?

"A. Yes, sir.

"Q. If the hearse had remained on the right hand side of the road going south the collision would not have occurred?

"A. No, sir; if the hearse had been on his extreme right hand side he wouldn't have hit the motorcycle."

Learned counsel for defendant insists that the evidence shows the witness Best was too close to the hearse when he first saw it to see the driver of it looking back; but the witness is corroborated in his testimony on this point by the witness Crane and the trial judge who heard him testify accepted his testimony as true and gave plaintiff judgment.

The amount claimed by plaintiff was the amount paid by it to have the motorcycle repaired and it is not shown that the cost was unreasonable.

The witness Best testified that the defendant told him to have the motorcycle repaired at his expense and the defendant admits this and only complains that the expense was excessive.

We have read the record carefully and it satisfies us that the judgment appealed from is correct and accordingly it is affirmed.